UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

ANDY CAMEJO,

                               PLAINTIFF,          **AMENDED COMPLAINT**

      -AGAINST-                                      **ECF CASE**

                                                              12- CV-2370 (SLT)(VMS)

NEW YORK CITY, POLICE OFFICER RICHARD
RAMIREZ and POLICE OFFICER TIMOTHY CHI,
individually, and in their capacity as members of the New
York City Police Department,

                                         DEFENDANTS.

------------------------------------------------------------------------ x

**PRELIMINARY STATEMENT**

1. This is a civil action in which Plaintiff Mr. Andy Camejo ("Mr. Camejo") seeks relief for the violation of his rights secured by 42 USC 1983, the Fourth, and Fourteenth Amendments to the United States Constitution.

2. The claim arises from an incident on October 1, 2011, in which officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected Mr. Camejo to false arrest.

3. Plaintiff seeks monetary damages (special and compensatory) against Defendants and an award of costs and attorneys' fees, and such other and further relief as this Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC 1331, 42 USC 1983, the Fourth, and Fourteenth Amendments to the United States Constitution.

5. Venue is laid within the United States District Court for the Eastern District of New York in that the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

## PARTIES

6. Mr. Camejo is a 27-year-old Hispanic male.

7. Mr. Camejo is a United States citizen and a college graduate and at all times here relevant resided at 9715 Horace Harding Expressway, Apt 2N, Letrak City, New York 11368.

8. New York City is a municipal corporation organized under the laws of the State of New York.

9. Police Officer Richard Ramirez, shield number 29260 ("PO Ramirez"), and Police Officer Timothy Chi, ("PO Chi"), at all times here relevant were members of the NYPD, and are sued in their personal and professional capacities.

## FACTUAL ALLEGATIONS

10. On or about October 1, 2011, at approximately 1:15 pm, Mr. Camejo was riding his bicycle in Queens on his way to visit a friend.

11. Mr. Camejo was using a GPS navigation system to assist him.

12. Mr. Camejo pulled over into a space between two parked cars on the side of the street to look at his GPS navigation system.

13. Mr. Camejo then pulled out from the space between the parked cars and continued to cycle on the street.

14. Mr. Camejo then heard a siren behind him and was told to pull over by PO Ramirez and PO Chi.

15. Mr. Camejo immediately pulled his bicycle over at the intersection of Hampton Street and Elmhurst Avenue and waited for PO Ramirez and PO Chi.

16. PO Ramirez gestured Mr. Camejo to come over to the police car.

17. PO Ramirez asked Mr. Camejo for his identification.

18. PO Ramirez told Mr. Camejo that he was issuing him with a summons.

19. Mr. Camejo was shocked and asked PO Ramirez what reason he had for issuing him a summons.

20. PO Ramirez told Mr. Camejo that he was giving him a summons for riding on the sidewalk.

21. Mr. Camejo explained to PO Ramirez that he had not been riding on the sidewalk.

22. Mr. Camejo asked PO Ramirez for his badge number.

23. PO Ramirez refused to give his badge number.

24. Mr. Camejo told PO Ramirez that as a citizen it was his right to ask for and be given PO Ramirez's shield number.

25. PO Ramirez then told Mr. Camejo that he was too close to the police car and to back up.

26. Mr. Camejo complied with PO Ramirez's order.

27. Mr. Camejo waited quietly on the sidewalk as PO Ramirez wrote Mr. Camejo a summons for riding his bicycle on the sidewalk.

28. PO Ramirez then called Mr. Camejo back to the police car in order to give Mr. Camejo the summons.

29. Mr. Camejo approached the police car and again asked for PO Ramirez's badge number.

30. PO Ramirez stated, "My badge number is, fuck that, you're going in!"

31. Then without legal justification or probable cause, PO Ramirez arrested Mr. Camejo.

32. Mr. Camejo was handcuffed behind his back.

33. Mr. Camejo was taken to the 110th precinct where he was held in a cell while his arrested was processed.

34. Mr. Camejo was then taken to Queens Central Bookings where he was held awaiting his arraignment.

35. On or about October 2, 2011, Mr. Camejo was arraigned and charged with two counts of Disorderly Conduct in violation of New York Penal Law § § 240.20 (1) and 240.20 (6).

36. On December 14, 2011, the summons that was issued to Mr. Camejo was dismissed for facial insufficiency.

37. On January 30 2012, Mr. Camejo consented to an Adjournment in Contemplation of Dismissal, and his case was dismissed and sealed thirty days later.

38. Mr. Camejo continues to feel traumatized by the events stemming from his arrest on October 1, 2011, and is wary and fearful when he sees NYPD officers.

39. Mr. Camejo takes efforts to avoid police officers when in public.

40. As a result of the incident Mr. Camejo suffered at work and feels fear, embarrassment, humiliation, emotional distress, frustration, anxiety, loss of liberty, and financial loss.

## FIRST CAUSE OF ACTION

(42 USC 1983 – False Arrest)

41. Plaintiff Mr. Camejo repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

42. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and are liable to Plaintiff under 42 USC 1983.

43. Defendants have deprived Plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that Plaintiff was arrested by Defendants without legal justification or probable cause. Defendants unreasonably and unjustifiably confined Plaintiff.

44. Plaintiff was aware of, and did not consent to, his confinement.

45. The confinement was not privileged.

46. Plaintiff has been damaged a result of Defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this court.

## SECOND CAUSE OF ACTION

(42 USC 1983 – Malicious Prosecution)

47. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

48. Defendants have deprived Plaintiff of his civil, constitutional and statutory rights under color of law and are liable to Plaintiff under 42 USC 1983.

49. Defendants have deprived Plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that Plaintiff was maliciously prosecuted by Defendants.

50. The malicious prosecution was initiated by Defendants without legal justification and without probable cause, in that Defendants caused the commencement and continuation of criminal proceedings against Plaintiff, the proceedings terminated in favor of Plaintiff, and in that the action was commenced and continued intentionally and with malice and deliberate indifference to Plaintiff's rights.

51. Plaintiff has been damaged a result of Defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this court.

## THIRD CAUSE OF ACTION

(Retaliatory Prosecution)

52. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

53. Plaintiff exercised his constitutional rights when asking PO Ramirez for his badge number.

54. In retaliation, Defendants arrested and prosecuted Plaintiff without any legal justification or probable cause.

55. Plaintiff has been damaged a result of Defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this court.

## FOURTH CAUSE OF ACTION

(42 USC 1983 – Monell Claim)

56. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

57. New York City has a practice and policy of unlawfully issuing summons to members of the public who have done nothing wrong, in order to meet quotas set by New York City.

58. New York City is a supervisor and final decision maker with regards to this practice and policy and, as a result, has acted in bad faith and with a reckless indifference to plaintiff's rights under the Constitution and laws of the United States.

59. New York City knew or should have known of the illegal and wrongful practice of unlawfully issuing summons to member of the public who have done nothing wrong, in order to meet quotas.  The incident described in this Complaint is not an isolated incident. New York City has been aware of this illegal and wrongful practice for some time, as a result of lawsuits, notices of claim and complaints filed with the Civilian Complaint Review board as well as newspaper articles in the NY Times (September 9, 2010) and Village Voice (2010 five-part series entitled "NYPD Tapes" concerning Officer Adrian Schoolcraft, and follow-up article in March 7-13, 2012 edition).

60. This practice and policy condones and promotes the false arrest and malicious prosecution of law-abiding citizens without legal justification and in bad faith.

61. New York City has failed to take the necessary steps to correct this improper and unlawful policy, and as a result has damaged plaintiff in an amount believed to equal or exceed the jurisdictional limit of this court.

## FIFTH CAUSE OF ACTION

(Failure to Intervene)

62. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

63. Defendant PO Ramirez arrested plaintiff without probable cause or legal justification.

64. Defendant PO Chi knew, or should have known, that PO Ramirez did not have probable cause or legal justification to arrest plaintiff.

65. Defendant PO Chi failed to intervene to prevent PO Ramirez from arresting plaintiff without probable cause or legal justification.

66. Defendant PO Chi had sufficient time to intercede and had the capability to prevent PO Ramirez from arresting plaintiff without probable cause or legal justification.

67. Plaintiff has been damaged a result of Defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this court.

## JURY DEMAND

68. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff respectfully requests that the Court enter a Judgment against Defendants together with costs and disbursements as follows:

In favor of Plaintiff in an amount to be determined by a jury, but at least equal or exceeding the jurisdictional limit of this court for each of Plaintiff's respective causes of action;

Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action;

And such other and further relief as the Court deems just and proper.

Dated:      New York, New York
            November 12, 2012

                                        By:      /s/
                                              Duncan Peterson (DP 7367)

                                              PetersonDelleCave LLP
                                              Attorney for Plaintiff
                                              233 Broadway, Suite 1800
                                              New York, NY 10279
                                              (212) 240-9075